NOT DESIGNATED FOR PUBLICATION

No. 118,636

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MISTY D. REED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 29, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Misty D. Reed appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Reed's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district court's judgment be affirmed.

On November 17, 2015, Reed pled guilty to two counts of residential burglary and two counts of theft. On January 12, 2016, the district court imposed a controlling sentence of 26 months' imprisonment and granted probation for 24 months.

On June 1, 2016, Reed admitted to technical violations of the terms of her probation, and the district court imposed a two-day jail sanction with additional modified conditions of probation. On January 30, 2017, Reed again admitted to technical violations of her probation, and the district court imposed a 180-day prison sanction with modified conditions of probation.

On October 20, 2017, after Reed had completed her prison sanction and was reinstated on probation, she admitted to violating the terms of her probation by (1) failing to report to her supervision officer and (2) failing to attend substance abuse treatment. She asked the district court to impose a 30-day jail sanction and allow her to enter the residential community corrections program. Reed argued that she had previously demonstrated her ability to be successful on probation, she had only failed to report because she was suffering from postpartum depression, and she had turned herself in for the current violations. The district court denied her request, revoked Reed's probation, and ordered her to serve her underlying prison sentence. Reed timely appealed.

On appeal, Reed claims the district court abused its discretion in revoking her probation. Reed acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. She also acknowledges that under K.S.A. 2017 Supp. 22-3716(c)(1)(E), the district court may revoke probation after imposing a 180-day intermediate sanction.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing

2

such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court gave Reed many opportunities to succeed on probation. She violated the conditions of her probation three separate times, and all the violations involved her failure to report to her supervising officer. As Reed acknowledges, the district court was not required to impose additional intermediate sanctions for the third probation violation after it already had imposed the prior jail and prison sanctions. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). While her claimed postpartum depression is a mitigating factor, it does not excuse Reed's repeated violations of the conditions of her supervision. The district court's decision to revoke Reed's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Reed has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence.

Affirmed.